IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TYRUS LEE COOPER,

                Plaintiff,

v.                                                            OPINION and ORDER

W. OLSON, JUSTIN S. RIBAULT, MS. BUCHANAN,         20-cv-1102-jdp
GARETH G. FITZPATRICK, and APRIL E. COEY,

                Defendants.

---

    Pro se plaintiff Tyrus Lee Cooper is incarcerated at Columbia Correctional Institution (CCI). He alleges that prison officials delayed treating a hand injury and failed to treat his pain. Cooper seeks leave to proceed in forma pauperis with his case, and he has made an initial partial payment of the filing fee as previously directed by the court.

    The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011).

    I will grant Cooper leave to procced on an Eighth Amendment claims against defendants Justin S. Ribault and Gareth G. Fitzpatrick. Cooper may supplement his complaint to clarify which other defendants he seeks to brings claims against and how those defendants violated his rights.

ALLEGATIONS OF FACT

I draw the following allegations from Cooper's complaint. Dkt. 1. On July 8, 2020, Cooper was exercising in his cell when he injured his right hand. He could not move three of his fingers, and his hand was swollen and had a large lump. Cooper's cellmate yelled to staff, and a corrections officer (who Cooper calls "John Doe 1") came to Cooper's cell. John Doe 1 called to a sergeant (who Cooper calls "John Doe 2") to look at Cooper's hand. John Doe 2 called the Health Services Unit (HSU). Cooper went to HSU and saw Nurse Wenzel, who said that Cooper's hand looked broken. Cooper also overheard Wenzel tell defendant Ribault, a doctor, that Cooper's hand was likely broken. Ribault told Wenzel to give Cooper only ice and to schedule him for an x-ray the next day.

Cooper was in extreme pain and asked Wenzel if he could prescribe medication. Wenzel didn't prescribe him anything. Cooper couldn't sleep that night because of his pain. He told a corrections officer, Cruzado, about his unbearable pain. Cruzado called HSU but HSU didn't respond.

Cooper didn't receive an x-ray the next day. He complained to a sergeant (who Cooper calls "John Doe 3"). John Doe 3 called HSU and spoke to a staff member (who Cooper calls "Jane Doe 1"). Jane Doe 1 initially refused to let Cooper come to HSU but then gave him an appointment. When Cooper arrived at HSU, Jane Doe 1 gave him a wrist splint, said that she couldn't treat his pain, and told him that he would have an x-ray the next day and see Ribault. Cooper couldn't sleep that night because of his pain.

Cooper received an x-ray the next day. An HSU staff member (who Cooper calls "Jane Doe 2") told Cooper that he would be called back to see Ribault. Cooper waited for days in extreme pain without being contacted. He began to file daily health service requests, explaining

2

that he needed medical attention. Each time, he received responses saying that he would be seen, but he wasn't seen.

Cooper filed an inmate grievance on July 28. The institution complaint examiner contacted Fitzpatrick, assistant HSU manager, to ask why Cooper was not receiving medical attention. Fitzpatrick called Cooper to HSU on August 19. Fitzpatrick called Ribault and arranged for Cooper to be taken to the emergency room at a local hospital. Cooper received another x-ray and returned to CCI. He was still in pain, could not move his fingers, and had swelling and numbness. He didn't hear anything for five days.

On August 26, Cooper was brought back to the hospital to see an orthopedist. The orthopedist told him that two of his fingers were dislocated. He gave Cooper an injection to numb his hand and tried, unsuccessfully, to move his fingers back into place. The orthopedist told Cooper that because he had gone without treatment for weeks, the tissue in his hand had grown around his dislocated fingers and he would need surgery. The orthopedist prescribed Cooper a pain medication and scheduled him for surgery.

Cooper returned to the hospital a week and a half later. The orthopedist told him that the surgery was beyond his capacity and that he would have to refer Cooper to a hand specialist. Four days later, HSU discontinued Cooper's pain medication, accusing him of misusing it. Cooper wrote to HSU daily, denying that he was abusing his medication and complaining about his pain. He was prescribed acetaminophen, but it didn't help, and his pain got worse. He continued to write to HSU about his pain, but he wasn't seen.

Cooper saw a hand specialist in late October. At the appointment, a nurse told him that he would be scheduled for surgery but that the specialist wanted CCI to run more tests on his hand. When Cooper returned to CCI, HSU continued to withhold his prescribed pain

3

medication. He began writing to HSU again, requesting appointments and saying that he could not move his fingers and had severe pain, swelling, and numbness. Cooper was not seen for months.

Cooper filed another inmate grievance on December 4. The institution complaint examiner affirmed Cooper's complaint and determined that Ribault, Fitzpatrick, and defendants W. Olson, April E. Coey, and Ms. Buchanan had neglected to treat his injury.

ANALYSIS

Cooper seeks to bring claims under the Eighth Amendment. The Eighth Amendment prohibits prison officials from acting with deliberate indifference to prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To state a deliberate indifference claim, Cooper must allege that each defendant was aware of a serious medical need and consciously failed to take reasonable measures to help him. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Cooper's alleged hand injury was a serious medical condition. *Gutierrez v. Peters*, 111 F.3d 1364, 1370–71 (7th Cir. 1997) (painful injuries can be a serious medical need); *Roe v. Elyea*, 631 F.3d 843, 861 (7th Cir. 2011) (a dislocated finger may qualify as a serious medical need). Cooper alleges that Ribault was aware of his injury and pain because Ribault examined him. He also alleges that Ribault failed to take reasonable steps to address his needs by giving

4

him only ice for his pain and for not following up with him after his initial x-ray. I will also infer that Fitzpatrick, assistant HSU manager, knew about Cooper's injury and his pain because Cooper filed numerous health service requests and a grievance about the delay in his care. And Cooper alleges that Fitzpatrick failed to address his medical needs by waiting weeks to schedule an appointment for Cooper. Cooper has stated Eighth Amendment claims against Ribault and Fitzpatrick.

Cooper doesn't state claims against defendants W. Olson, Ms. Buchanan, and April E. Coey. He says that the institution complaint examiner found that these defendants had neglected his injury. But he doesn't explain in his own words how they were involved in denying him adequate care. Cooper alleges that several Doe officials were involved in treating him, but it is not clear whether Cooper seeks to bring claims against the Doe officials in this lawsuit.

I will stay service of the complaint on Ribault and Fitzpatrick. I will allow Cooper to submit a supplement to his complaint that more clearly explains which other defendants he seeks to bring claims against, and how each defendant was aware of his injury and failed to take reasonable steps to address his medical needs. Rather than attribute actions to HSU generally, Cooper should specify which HSU staff member was responsible. When possible, Cooper should refer to a defendant by his or her name. If Cooper doesn't know the name of a particular defendant, he may refer to him or her as a Doe defendant for now.

ORDER

IT IS ORDERED that:

1. Plaintiff Tyrus Lee Cooper is GRANTED leave to proceed on Eighth Amendment medical-care claim against defendants Justin S. Ribault and Gareth G. Fitzpatrick.

2. Plaintiff may have until August 11, 2021, to submit a supplement to his complaint. If Cooper does not submit a supplement by that date, all other defendants will be dismissed.

Entered July 21, 2021.

                              BY THE COURT:

                              /s/

                              _____

                              JAMES D. PETERSON
                              District Judge